UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WELLINGTON RESOURCE
GROUP, LLC,

        Plaintiff,

                                      Civil Action 2:12-cv-00104
v.                                   Judge Algenon L. Marbley
                                      Magistrate Judge Elizabeth P. Deavers

BECK ENERGY CORPORATION,
*et al.*,

        Defendants.

## OPINION AND ORDER

       This matter is before the Court for consideration of the Motion to Intervene filed by

Proposed Third-Party Plaintiff Transact Partner's International, LLC ("Transact").  (ECF No. 9.)

Pursuant to Federal Rule of Civil Procedure 24, Transact seeks to intervene in this diversity

action as a matter of right, or in the alternative, permissively at the Court's discretion.  Both

Plaintiff, Wellington Resources Group, LLC ("Wellington"), and Defendant,  Beck Energy Corp.

("Beck"), oppose intervention.  For the reasons that follow, Transact's Motion to Intervene is

**GRANTED**.

## I.  BACKGROUND

       On February 1, 2012, Wellington brought this diversity action for breach of contract and

unjust enrichment against Beck.[1]  Within its Complaint, Wellington contends that in 2010 Beck

sought its assistance to locate a qualified purchaser for its oil and gas interests with respect to

certain real property.  Wellington submits that on February 28, 2011 it entered into a contract

---

      [1]  Wellington is a Pennsylvania corporation and Beck is an Ohio corporation.

with Beck.  According to Wellington, the contract obligated Beck to pay five percent of the final transaction price if Wellington provided a willing and able purchaser to Beck.  Wellington contends that in August 2011 it introduced Beck to XTO Energy, Inc. ("XTO").  Wellington further maintains that, in December 2011, XTO agreed to purchase oil and gas leases from Beck for $84,961,346.00.  According to Wellington, despite XTO's purchase, Beck refused to pay Wellington the five percent brokerage fee.  Based on these allegations, Wellington contends that Beck is in breach of the February 2011 contract.  Alternatively, Wellington brings a claim for unjust enrichment, contending that Beck has inequitably received Wellington's services without providing compensation.

Transact, a North Carolina company, filed its Motion to Intervene on March 14, 2012. Transact seeks to bring a breach of contract claim against Wellington.  Within its proposed Third-Party Complaint, Transact contends that it entered into a contract with Wellington on January 31, 2011.  The contract provided that Wellington would pay Transact two percent of the total transaction price if Transact provided a willing and able buyer who ultimately purchased Beck's oil and gas interests.  Transact maintains that it located XTO and initiated the communications which ultimately led to XTO's purchase of Beck's property.  Transact asserts that despite XTO's purchase of Beck's oil and gas lease, Wellington refused payment, thus breaching the contract.  In the alternative to its breach of contract claim, Transact also seeks to bring unjust enrichment claims against both Wellington and Beck.  Transact specifically asserts that it performed services that benefitted Wellington and Beck, and that it is entitled to compensation.

As noted above, both Beck and Wellington oppose intervention.  Beck contends that

2

because Transact is not a licensed real estate broker in the state of Ohio, it does not have a legal interest in this lawsuit. Wellington maintains that the January 31, 2011 contract between it and Transact contains a binding arbitration clause. Accordingly, Wellington asserts that the Court should enforce the arbitration clause by denying intervention. Additionally, Wellington contends that permissive intervention is improper because including another party, based in North Carolina, would unnecessarily complicate, and potentially delay, this action.

## II. STANDARD

Transact moves to intervene in this case as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or permissively under Rule 24(b)(1)(B). In general, "Rule 24 is broadly construed in favor of potential intervenors." *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991). Rule 24 provides in pertinent part:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
>                          * * *
>
> (2) claims an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>
> (1) In General. On timely motion, the court may permit anyone to intervene who:
>
>                          * * *
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24.

With regard to intervention as a matter of right, a party seeking to intervene must satisfy four elements. Specifically, a potential intervenor must demonstrate "(1) that they have timely

3

applied to intervene; (2) that they have a substantial legal interest in the pending litigation; (3) that their ability to protect that interest is impaired; and (4) that the parties presently before the court do not adequately represent that interest." *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir. 1993).  A party must demonstrate each element before the Court may grant intervention as of right.  *Id.*

Even if the Court denies intervention as a matter of right under Rule 24(a)(2), it may still grant permissive intervention under Rule 24(b)(1)(B).  *See Purnell*, 925 F.2d at 950 n.8 (noting that although a party only moved for intervention as a matter of right, the district could have considered permissive intervention).  The decision of whether to grant permissive intervention is within the Court's sound discretion.  *See Blount-Hill v. Zelman*, 636 F.3d 278, 287 (6th Cir. 2011) (reviewing permissive intervention determination for abuse of discretion).  Like intervention as a matter of right, permissive intervention requires a timely application.  *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000).  Furthermore, the motion to intervene must establish "at least one common question of law or fact."  *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005).  The Court should also balance the factors of "undue delay, prejudice to the original parties, and any other relevant factors . . . ."  *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997).  Finally, this Court has provided that "permissive intervention under Rule 24(b) is to be liberally granted, so as to promote the convenient and prompt disposition of all claims in one litigation."  *Berk v. Moore*, No. 2:10–CV–1082, 2011 WL 1792534, at *3 (S.D. Ohio May 9, 2011) (internal quotations and citations omitted).

### III. ANALYSIS

Once again, Transact moves for intervention as a matter of right, or in the alternative, for permissive intervention. Under the circumstances of this case, even assuming that Transact fails to meet the requirements of intervention as a matter of right, permissive intervention is appropriate.[2] Upon review of the record, the Court concludes that Transact's Motion to Intervene is timely, the relevant claims involve common issues of law and fact, and other factors do not significantly weigh against intervention.

**A.      Timeliness**

As a preliminary matter, the Court finds that Transact filed a timely Motion to Intervene. Transact filed its Motion to Intervene only six weeks after the original Complaint, and within a month of learning that Wellington had filed this action. This case remains in its early stages, and there is no indication that the original parties suffered prejudice as a result of the timing of Transact's Motion. Furthermore, neither party challenges the timeliness of Transact's Motion to Intervene.

**B.      Common Question of Law or Fact**

The Court also finds that Transact and Wellington's claims share common questions of both law and fact. First, as to common questions of law, Transact and Wellington each bring unjust enrichment claims against Beck. In particular, both Transact and Wellington maintain that Beck unjustly benefitted from brokerage services that they provided. Second, it is clear that common questions of fact exist. The claims of Transact and Beck both arise from the sale of

---

[2] Accordingly, the Court finds it unnecessary to determine whether Transact satisfies the requirements of intervention as a matter of right.

5

Beck's oil and gas interests on the property to XTO.  Furthermore, Transact and Beck's claims all involve interrelated questions regarding the services each corporation provided to facilitate this sale.

**C.     Other Factors**

Finally, the Court finds that other factors do not weigh against intervention.  As highlighted above, before the Court may grant permissive intervention, it must consider the effect of intervention on the original parties. Fed. R. Civ. P. 24(b)(3); *cf. Miller*, 103 F.3d at 1248 (holding that the district court improperly failed to provide the its reasoning for denying permissive intervention). Under certain circumstances, such as when intervention would impact the original case schedule, Courts have held that adding additional parties would result in undue delay.  *See, e.g.*, *Stupak-Thrall*, 226 F.3d at 478 (holding intervention would cause undue delay and prejudice original parties when it would interfere with the case schedule); *Johnson v. City of Memphis*, 73 F. App'x 123, 133 (6th Cir. 2003) (holding that because extensive litigation had already occurred, intervention would cause undue delay).

In this case, it does not appear that allowing Transact to intervene will cause significant delay.  Once again, this case is at its early stages, and Transact moved to intervene before any case schedule had been set.  Under these circumstances, the Court finds any potential for undue delay to be minimal.

Additionally, the Court is unconvinced that the parties will suffer substantial prejudice from intervention.  Wellington contends, in conclusory fashion, that allowing Transact, a North Carolina company, to join its action will unduly complicate the proceedings.  Nevertheless, without further detail, the Court is simply not convinced that inclusion of an additional out-of-

6

state party will result in more than minimal prejudice to Wellington and Beck.

The Court also finds the parties' other arguments against intervention to be unpersuasive. Beck contends that the Court must deny intervention because Transact is not entitled to maintain a cause of action under the applicable state law.  Intervention under Rule 24, however, is not the proper mechanism for considering the merits of Transact's claims.  It would, therefore, be inappropriate for the Court to consider such issues at this stage of the proceedings.  Beck is free to challenge the merits of Transact's unjust enrichment claim through the appropriate Federal Rules of Civil Procedure.

Wellington maintains that the Court should deny intervention because of the arbitration clause in its January 2011 contract with Transact.  In its briefing, Transact concedes that the contract contains a binding arbitration clause.[3]  Nevertheless, the Court finds no reasons to conclude—and Wellington does not provide one—that allowing intervention will preclude enforcement of the arbitration clause.  As Transact suggest, it appears that the Court may stay Transact's claims against Wellington to allow for arbitration, while permitting the claims against Beck to proceed.[4]

Finally, judicial economy favors intervention.  As this Court has held, "[j]udicial economy favors the disposition of related issues and claims in a single suit."  *S.H. v. Stickrath*, 251 F.R.D. 293, 297 (S.D. Ohio 2008) (citing *Jansen v. City of Cincinnati*, 904 F.2d 336, 339-40

---

[3] Transact emphasizes, however, that Wellington did not invoke the clause until after it sought to intervene.

[4] The Court will discuss how this matter will proceed at the preliminary pretrial conference.  It makes no determination as to the ultimate impact of the arbitration clause at this time.

7

(6th Cir. 1990)).  Here, as detailed above, Transact's claims share common issues of law and fact with the initial action.  Based on the similar nature of Transact and Wellington's claims, judicial economy favors the resolution of the parties claims within the same action.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's  Motion to Intervene is **GRANTED**.  (ECF No. 9.) The Clerk is **DIRECTED** to file Third Party Plaintiff-Intervenor's Complaint (ECF No. 9-3) along with the attached Co-Brokerage and Confidentiality Agreement (ECF No. 9-2).

**IT IS SO ORDERED.**

Date:   July 23, 2012                    _____/s/ *Elizabeth A. Preston Deavers*_____
                                              Elizabeth A. Preston Deavers
                                              United States Magistrate Judge